```
                                          USDC SDNY
                                          DOCUMENT
         UNITED STATES DISTRICT COURT     ELECTRONICALLY FILED
         SOUTHERN DISTRICT OF NEW YORK    DOC# _____
                                          DATE FILED: _6/10/14_
```

| | |
|---|---|
| JULIO TARDIO, individually and on behalf of all other persons similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>NEW ORIENTAL EDUCATION & TECHNOLOGY GROUP, INC., LOUIS T. HSIEH, and MICHAEL MINHONG YU,<br><br>      Defendants. | Civil Action No. 12-cv-06619-JGK |

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court entitled *Tardio v. New Oriental Education & Technology Group Securities Litigation*, Civil Action No. 12-cv-06619-JGK (S.D.N.Y.) (the "Action");

WHEREAS, Lead Plaintiff Julio Tardio ("Lead Plaintiff"), on behalf of himself and the Class; Defendants New Oriental Education and Technology Group, Inc. ("New Oriental"), and Defendant Louis T Hsieh have entered into the Stipulation to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to the Class Members as more fully described herein,

WHEREAS, the Court has read and considered (a) the Second Amended Class Action Complaint, filed in this Action on January 30, 2014; (b) Lead Plaintiff's motion for preliminary approval of the Settlement and certification of a settlement class; and (c) the Stipulation and the exhibits attached thereto, including the proposed Postcard Notice, Internet Notice, Publication Notice, Proof of Claim form, and Judgment, and finds substantial and sufficient grounds for entering this Order; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate as to Class Members, subject to further consideration at the Final Fairness Hearing to be conducted as described below.

2. **Preliminary Certification of Class** – The Court hereby preliminarily certifies, solely for purposes of effectuating the Settlement, pursuant to Federal Rule of Civil Procedure 23, a class consisting of all persons and entities who purchased or otherwise acquired call option contracts or sold (wrote) put option contracts on New Oriental American Depositary Shares ("ADS") during the period between August 19, 2011 through and including July 17, 2012, and who were damaged thereby. Excluded from the Class are Defendants; the officers and directors of New Oriental; members of the immediate families of any Defendant, their legal representatives, heirs, successors, or assigned assigns; and any entity in which Defendants have or had a controlling interest. Also excluded from the Class is any person or entity who or which properly excludes himself, herself or itself by filing a valid and timely request for exclusion in

accordance with the requirements set forth in this Order Pursuant to Federal Rule of Civil Procedure 23 and for purposes of settlement only, the Court preliminarily certifies Lead Plaintiff Julio Tardio as Class Representative for the Class and appoints Lead Counsel Faruqi & Faruqi, LLP as Counsel for the Class. Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

3. **Final Fairness Hearing** – The Court will hold a final fairness hearing (the "Final Fairness Hearing") on September 19, 2014 at 2:30 p.m. in Courtroom 12B at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved; (d) to determine whether the Class should be finally certified for settlement purposes; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Fairness Hearing shall be given to Class Members as set forth in Paragraph 5 of this Order.

4. The Court may adjourn the Final Fairness Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

5. **Retention of Claims Administrator and Manner of Notice** – Lead Counsel is hereby authorized to retain Rust Consulting, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims. Notice of the Settlement and the Final Fairness Hearing shall be given by Lead Counsel as follows:

   a. not later than twenty (20) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause copies of the Postcard Notice, substantially in the form attached hereto as Exhibit A-1, to be mailed by first-class mail to Class Members who may be identified through reasonable effort;

   b. contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Internet Notice and Proof of Claim form, substantially in the form attached hereto as Exhibits A-2 and A-3, to be posted on the website designated for the Action, www.neworientalsecuritiessettlement.com;

   c. not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Publication Notice, substantially in the form attached hereto as Exhibit A-4, to be posted by PR Newswire, and, on a different date within ten (10) calendar days after the initial publication over PR Newswire, the Claims Administrator shall cause the same Publication Notice to be published in *Investor's Business Daily*;

4

      d.      not later than seven (7) calendar days prior to the Final Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Internet Notice, Proof of Claim form, and Publication Notice attached hereto as Exhibits A-1 - A-4, respectively, and (b) finds that the mailing of the Postcard Notice, online dissemination of the Internet Notice and publication of the Publication Notice in the manner and form set forth in Paragraph 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the proposed Settlement, of the effect of the proposed Settlement (including the Releases contained therein), and of their right to object to any aspect of the proposed Settlement and appear at the Final Fairness Hearing, (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7), and all other applicable laws and rules. The date and time of the Final Fairness Hearing shall be included in the Notices before they are mailed and published.

7.    **Participation in Settlement** – Class Members who wish to participate in the Settlement and receive a distribution from the proceeds of the Net Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing,

Lead Counsel may, at their discretion, accept late claims for processing provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Proof of Claim, a person or entity shall be deemed to have submitted to the jurisdiction of this Court with respect to his, her, or its claim and the subject matter of the Settlement.

8.  Each Proof of Claim that is submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Proof of Claim to the satisfaction of Lead Counsel or the Claims Administrator; (d) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and (e) the Proof of Claim must signed under penalty of perjury.

9.  Any Class Member that does not submit a timely and valid Proof of Claim, or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom, (c) shall be bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein,

whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Claims against any and all of the Defendants and Defendant Releasees, as more fully described in the Stipulation and the Settlement Notice. Notwithstanding the foregoing, late Proof of Claim forms may be accepted for processing as set forth in paragraph 7 above.

10. **Appearance and Objections at Final Fairness Hearing** - Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel, at the addresses set forth, such that it is postmarked no later than fourteen (14) calendar days before the date set for the Final Fairness Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

Defendants' Counsel:

Scott D. Musoff, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Lead Plaintiff's Counsel:

Lead Counsel:

Nadeem Faruqi, Esq.
FARUQI & FARUQI, LLP
369 Lexington Avenue
10th Floor
New York, NY 10017

11. Any Class Member may file a written objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and enter an appearance to show cause

(if any can be shown) as to why the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; ***provided, however,*** that no Class Member shall be heard or entitled to contest any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are postmarked no later than fourteen calendar days before the date set for the Final Fairness Hearing (the "Response Deadline"). Lead Plaintiff shall file any written response to such objection no later than seven (7) calendar days before the date set for the Final Fairness Hearing.

12. Any objections, filings, or other submissions by an objecting Class Member must (a) provide the name, address, telephone number, and signature of the objector; (b) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove the objector's membership in the Class, such as the number of options of New Oriental ADS purchased, acquired and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.

13. Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and

reimbursement of litigation expenses, and otherwise from being heard concerning the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses in this or any other proceeding

14. **Requests for Exclusion** – Any Class Member may seek to be excluded from the Class and the Settlement provided for in the Stipulation by submitting a written request for exclusion in conformity with the requirements set forth in the Notices. Any members of the Class so excluded shall not be bound by the terms of the Stipulation, or be entitled to any of its benefits, and shall not be bound by the Judgment and/or other order of the Court, whether pursuant to the Stipulation or otherwise.

15. **Stay** – Until and unless otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final approval of the Settlement, the Court enjoins Lead Plaintiff and all other Class Members from commencing or prosecuting any and all of the Settled Claims against any and all of the Defendants and the other Defendant Releasees in this or any other court or forum

16. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid from the Settlement Fund Lead Counsel is authorized to draw on the Settlement Fund without further order of the Court, in amounts up to $25,000 to pay any costs or expenses associated with providing notice to the class or administering the settlement

17. **Settlement Fund** – The contents of the Settlement Fund held by Faruqi & Faruqi, LLP (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in*

9

*custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and otherwise to perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19. **Termination of Settlement** – If the Stipulation is terminated, the Settlement is not approved, or the Effective Date of the Settlement does not occur, this Order (except for paragraph 20, below) shall become null and void and be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants – all of whom shall be restored to their respective positions in the Action immediately prior to April 24, 2014, as provided in the Stipulation. Within fourteen (14) business days after written notification of termination is sent by Lead Counsel and Defendants' Counsel to the Escrow Agent pursuant to the terms of the Escrow Agreement, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing shall be refunded by the Escrow Agent to Defendants and/or the entity or entities that paid any portion of the Settlement Amount in proportion to their contributions, pursuant to instructions to be provided by Defendants' Counsel to Lead Counsel. Lead Counsel shall return any attorneys' fees, as set forth in ¶18 of the Stipulation. In the event that the funds received by Lead Counsel consistent with ¶18 of the Stipulation have not been refunded to the Settlement Fund within the fifteen (15) business days specified in this paragraph, those funds shall be

10

refunded by the Escrow Agent to Defendants and/or the entity or entities that paid any portion of the Settlement Amount in proportion to their contributions, pursuant to instructions to be provided by Defendants' Counsel to Lead Counsel, immediately upon their deposit into the Escrow Account consistent with ¶18 of the Stipulation.

20.  **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation or any proceedings taken pursuant to them: (a) shall be offered against any of the Defendants or any of the other Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or any of the other Defendant Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the Class, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, damages, or other wrongdoing of any kind by any of the Defendants or any of the Defendant Releasees; (b) shall be offered against Lead Plaintiff, any other Class Members, or any of the other Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind of Lead Plaintiff, any of the other Class Members, or any of the other Released Plaintiff Parties; (c) shall be referred to for any reason against the Parties or other releasees in any other civil, criminal, or administrative action or proceeding; (d) shall be construed against any of the Parties or other releasees as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; nor (e) shall be construed against Lead Plaintiff or other Class Members as an admission, concession, or presumption that any of their claims are without merit,

11

that any of the Defendants or any of the other Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

21. Notwithstanding the foregoing, the Parties and other Releasees may file or refer to this Order, the Stipulation, Judgment, or any Proof of Claim: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, offset, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under the PSLRA; (c) to enforce any applicable insurance policies and any agreements relating thereto, or (d) to enforce the terms of the Stipulation and/or the Judgment. The Parties and other Releasees submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

22. **Supporting Papers** – Lead Counsel shall file and serve papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty (30) days before the date scheduled for the Final Fairness Hearing. If reply papers are necessary, they are to be filed and served no later than seven (7) days prior to the Final Fairness Hearing.

23. The procedure for and the allowance or disallowance of any application for attorneys' fees and litigation expenses are not part of the Settlement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.

24. Approval of the proposed Plan of Allocation is not a condition to the Settlement and Effective Date. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation

or the Settlement in accordance with ¶19 or otherwise based on this Court's or any appellate court's ruling solely with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants have no responsibility or liability for allocation of the Net Settlement Fund.

25.   The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.

SO ORDERED this __9__ day of __June__, 2014.

_____
John G. Koeltl
United States District Judge